## Case No. 8,951.

### In re MAGIE.

[2 Ben. 369; 1 N. B. R. 522 (Quarto, 138); 1 Am. Law T. Rep. Bankr. 122.] [1]

District Court, S. D. New York. April 28, 1868.

BANKRUPTCY—JURISDICTION—PLACE OF RESIDENCE—DOING BUSINESS.

Where a bankrupt filed a petition in bankruptcy in this district, not averring any place of residence, and, on his examination, it appeared that he resided with his father, in New Jersey, and had done so since he came from Chicago, four years previous, that he had been engaged in looking after a private matter, with a

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission. 1 Am. Law T. Rep. Bankr. 122, gives only a partial report.]

view to returning to Chicago, and that, for about six months back, he had been keeping books for a firm in New York City, and thereupon, the register declined to make an adjudication of bankruptcy, as having no jurisdiction of the case: *Held*, that the register's decision was correct.

[Distinguished in Re Baily, Case No. 753. Cited in Fogarty v. Gerrity, Id. 4,895.]

In this case, a petition in bankruptcy was filed by the bankrupt on March 3d, 1868, which was referred to a register. It stated that he had been "a general agent and clerk for twelve months next immediately preceding the filing of the petition, at New York City." The register examined the petitioner on oath, and he deposed that he resided with his father, in New Jersey, and had done so since he came from Chicago, Illinois, about four years before, where he had been in business; that he had been engaged in looking after a personal matter since he came from Chicago, with the intent of returning there; and that, since about the middle of October, 1867, he had been engaged in keeping books with a firm in New York City, but had not been engaged with any other persons in New York City, nor had any business connection save as thus stated, nor been engaged in business otherwise for himself. The register thereupon declined to make an adjudication of bankruptcy, on the ground that this court had no jurisdiction of the case, inasmuch as the petition was not "addressed to the judge of the judicial district in which such debtor has resided, or carried on business for the six months next immediately preceding the time of filing such petition." On request of the bankrupt, the question was certified to the court.

2 [Register JAMES F. DWIGHT, certified that in the course of the proceedings in said cause before him, the following question arose pertinent to the said proceedings. Facts: On the 3d day of March, 1868, William H. Magie filed his petition for adjudication in bankruptcy, &c., with schedules A and B attached, in the clerk's office of this district, and the matter was duly referred to me as register to take such proceedings as are required by the act. It appearing by the petition, duplicate copy of which was (with the schedules) filed with me on the 3d of April, that the petitioner respectfully represents that he has been a general agent and clerk for twelve months next immediately preceding the filing of this petition, at New York City, within this judicial district. I examined the petitioner under oath, on the 9th of April, touching the matter of his residence or business to the end of deciding if this court has jurisdiction of his case. The petitioner deposed that he resided with his father at Elizabeth, New Jersey, and has done so since he came from Chicago, Illinois, about four years ago. That he was formerly in business for himself at Chicago;

that he had been engaged in looking after a personal matter since he came from Chicago, with the intent of returning there. That he has been engaged as a bookkeeper for a firm in William street, New York City, since January 1, 1868. That previous to January 1, 1868, and since about the middle of October, he had been engaged in keeping books with a firm in Wall street, New York City. That he had not been engaged with any other persons in New York City, nor had any business connections save as thus stated, nor been engaged in business otherwise for himself. That he was unmarried. The petition did not aver place of residence. There are only three creditors.

[Upon this state of facts I declined to make adjudication in bankruptcy of the petitioner, on the ground that the district court for the Southern district of New York had no jurisdiction of the case, inasmuch as the petition was not "addressed to the judge of the judicial district in which such debtor has resided or carried on business for the six months next immediately preceding the time of filing his petition," &c. To which decision ·and refusal the bankrupt excepts, and through his attorney prays that the question may be certified to the judge, as to whether, upon these facts, this court has jurisdiction of the petition, and whether adjudication shall be had. Which is granted, and this certificate forwarded to the judge for his decision and opinion on the point raised.

[BY THE REGISTER. In my opinion the law intended to confer jurisdiction in these courts only, where the petitioner would be known publicly as a resident and citizen; or where he had such business relations with the public generally as would equally cause him to be known. And it could scarcely be said that a person whose business was only that of a book-keeper or clerk in a place where his name did not appear in public, "carried on business" in a way that would give any publicity to his occupation or person. The object of this provision as to jurisdiction would seem to be to prevent imposition upon creditors and fraudulent discharges; and there is no hardship worked to petitioners, for, if having no regular business by which they are known, they may apply in the district where they reside.

[Which facts and opinion are submitted for the opinion of the judge.] 2

BLATCHFORD, District Judge. I think the register was correct in his decision. The principles laid down by this court, in Re Kinsman [Case No. 7,832], in reference to a kindred provision in the bankruptcy act of 1841 [5 Stat. 440], make it improper for this court to assume jurisdiction in this case.